**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch, State Bar No. 016473
Bruce C. Jackson, Jr., State Bar No. 034634
Clara S. Acosta, State Bar No. 036044
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email:  nick@lubinandenoch.com

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson *(Application Pro Hac Vice forthcoming)*
Texas Bar No. 24045189
Email: austin@a2xlaw.com
Clif Alexander *(Application Pro Hac Vice forthcoming)*
Texas Bar No. 24064805
Email: clif@a2xlaw.com
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284

*Attorneys for Plaintiff Gibbons and Putative Class Members*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Adam Gibbons,<br>Individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>PSCU, Inc.<br>A Foreign Corporation,<br><br>            Defendant. | No._____<br><br>**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Adam Gibbons brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for PSCU, Inc. (hereinafter "Defendant" or "PSCU") in Arizona at any time from September 1, 2017 through the final disposition of this matter seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiff's claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for PSCU in call centers throughout the United States within the last three years and have not been paid for all hours worked or the proper amount of overtime in violation of federal law.

3. Specifically, PSCU has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly call-center employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay.

4. PSCU's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a

miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. PSCU knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Adam Gibbons ("Gibbons") was employed by PSCU during the relevant time period. Plaintiff Gibbons did not receive compensation for all hours worked

or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11.     The Putative Class Members are those current and former call-center employees who were employed by PSCU anywhere in the United States at any time from September 1, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Gibbons worked and was paid.

12.     Defendant, PSCU, Inc. ("PSCU") is a foreign non-profit corporation licensed to do business in the state of Arizona. PSCU may be served through its registered agent for service of process: **Corporate Creations Network IN, 3260 N. Hayden Rd. #210, Scottsdale, Arizona 85251**.

### III.
### JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. § 201-219.

14.     This Court has personal jurisdiction over PSCU because the cause of action arose within this District as a result of PSCU's conduct within this District.

15.     Venue is proper in the District of Arizona because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16.     Specifically, PSCU has maintained a working presence throughout this District, and Plaintiff Gibbons performed work for PSCU in this District.

---

[1] The written consent of Adam Gibbons is hereby attached as Exhibit "A."

17. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

**IV.
ADDITIONAL FACTS**

18. PSCU operates customer service call centers throughout the United States providing customer support/engagement services to its business clients and claims to support "more that 1,500 credit unions."[2]

19. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by PSCU's clients' customers, answering those customers' inquiries, troubleshooting on behalf of those customers, and generally assisting those customers.

20. Plaintiff Gibbons was employed by PSCU in customer service in Phoenix, Arizona from approximately June 2016 until January 2020.

21. Plaintiff and the Putative Class Members are non-exempt employees that were (and continue to be) paid by the hour.

22. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

23. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members often worked up to four (4) compensable hours "off-the-clock" per week and were never compensated for that time.

24. Plaintiff and the Putative Class Members have not been compensated for all of these hours worked as a result of PSCU's company-wide policy and practice of

---

[2] https://www.pscu.com/about

5

requiring all call-center employees to be "call ready"—that is, to take their first phone call the moment their official shift starts each day.

25. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, open multiple different PSCU computer programs, log in to each PSCU program, and ensure that each PSCU program is running correctly—all of which can take up to twenty minutes—before they allowed to clock in on the time keeping software application and then take their first phone call.

26. If Plaintiffs and the Putative Class Members are not ready and on the phone at shift start, they can be subject to discipline.

27. If Plaintiffs and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

28. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

29. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

30. PSCU provides Plaintiff and the Putative Class Members with one unpaid lunch break per shift.

31. However, PSCU requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch break.

32. Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, clock out, then log out of the phone system

or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for lunch.

33. Plaintiff and the Putative Class Members were required to log back into their computer, log back into the phone system, then clock in, and be back on the phone right at the moment their lunch break ends.

34. The log off process used prior to going to lunch can take 1-3 minutes.

35. The log in process used after returning from lunch can take 1-3 minutes.

36. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' lunch break as, per PSCU policy.

37. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

38. Plaintiff and the Putative Class Members were also not compensated for the time they worked for PSCU rebooting PSCU's computers after they crashed.

39. In addition, PSCU also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—including Plaintiff and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

40. PSCU permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

41. As a result of PSCU's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch break, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

42. PSCU has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

43. PSCU is aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

44. Because PSCU did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, PSCU's pay policies and practices violate the FLSA, and Arizona state laws.

## V.
## CAUSE OF ACTION
**(Collective Action Alleging FLSA Violations)**

A.   **FLSA COVERAGE**

45. All previous paragraphs are incorporated as though fully set forth herein.

46. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY PSCU, INC. IN A CUSTOMER SERVICE/CONTACT POSITION ANYWHERE IN ARIZONA, AT ANY TIME FROM SEPTEMBER 1, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

47. At all times hereinafter mentioned, PSCU has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

48. At all times hereinafter mentioned, PSCU has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49. At all times hereinafter mentioned, PSCU has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. During the respective periods of Plaintiff and the FLSA Collective Members' employment by PSCU, these individuals provided services for PSCU that involved interstate commerce for purposes of the FLSA.

51. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for

commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

52. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of PSCU who assisted customers throughout the United States. 29 U.S.C. § 203(j).

53. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

54. In violating the FLSA, PSCU acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

55. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 46.

56. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of PSCU.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

57. All previous paragraphs are incorporated as though fully set forth herein.

58. PSCU violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in

excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

59. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of PSCU's acts or omissions as described herein; though PSCU is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

60. Moreover, PSCU knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

61. PSCU knew or should have known its pay practices were in violation of the FLSA.

62. PSCU is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

63. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted PSCU to pay overtime in accordance with the law.

64. The decision and practice by PSCU to not pay overtime was neither reasonable nor in good faith.

65. Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

68. Other similarly situated employees have been victimized by PSCU's patterns, practices, and policies, which are in willful violation of the FLSA.

69. The FLSA Collective Members are defined in Paragraph 46.

70. PSCU's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

71. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

72. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

73. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

74. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

75. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and PSCU will retain the proceeds of its rampant violations.

76. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

77. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 46 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against PSCU as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 46 and requiring PSCU to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding PSCU liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation

found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

  e. For an Order awarding the costs and expenses of this action;

  f. For an Order awarding attorneys' fees;

  g. For an Order awarding pre-judgment, post-judgment and moratory interest at the highest rates allowed by law;

  h. For an Order awarding Plaintiff Gibbons a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of PSCU, at PSCU's own expense;

  j. For an Order providing for injunctive relief prohibiting PSCU from engaging in future violations of the FLSA, and requiring PSCU to comply with such laws going forward; and

  For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 1st day of September 2020.

            LUBIN & ENOCH, P.C.
            ANDERSON ALEXANDER, PLLC

            By: /s/ Nicholas J. Enoch
            Nicholas J. Enoch

            Attorneys for Plaintiff and the Putative Class Members

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all questions raised by the foregoing complaint.

DATED this 1st day of September 2020.

                                                       LUBIN & ENOCH, P.C.
                                                       ANDERSON ALEXANDER, PLLC

                                                       By: /s/ *Nicholas J. Enoch*
                                                       Nicholas J. Enoch

                                                       Attorneys for Plaintiff and the Putative Class Members

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of September 2020, I electronically transmitted the attached Complaint and Jury Demand to the Clerk's Office using the ECF System for filing.

                                                       /s/ *Nicholas J. Enoch*