**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Gibbons,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PSCU Incorporated,<br><br>　　　　　Defendant. | No. CV-20-01719-PHX-DLR<br><br>**ORDER** |

Defendant PSCU Incorporated is a Florida-based company that operates customer service call centers around the United States. Plaintiff Adam Gibbons is an Arizona resident who formerly worked for PSCU in Phoenix. Gibbons alleges that PSCU violated the Fair Labor Standards Act ("FLSA") by failing to pay him properly for all hours worked. He brings this putative class action on behalf of all similarly situated PSCU customer service call center employees in Arizona. (Doc. 10.)

This case mirrors an earlier-filed action in the Eastern District of Michigan, which alleges the same violations against PSCU, but on behalf of all similarly situated PSCU customer service call center employees in Michigan. *See Brown v. PSCU*, Case No. 2:20-cv-11510-CPH-DRG ("the Michigan Action"). On July 2, 2020, PSCU filed a motion in the Michigan Action seeking a transfer of venue to the United States District Court for the Middle District of Florida. (Doc. 7-4.) PSCU later filed a similar motion to transfer venue in this case (Doc. 7), along with a motion to stay pending a decision on its motion to transfer

(Doc. 8). On December 4, 2020, after briefing closed on PSCU's motion to transfer venue in this matter, the district court overseeing the Michigan Action denied PSCU's motion to transfer venue. (*See* Doc. 29 in the Michigan Action.)

For the convenience of the parties and witnesses, and in the interests of justice, 28 U.S.C. § 1404(a) allows the Court to transfer a civil action to any district in which the case originally could have been brought. This action could have been brought in the Middle District of Florida because PSCU resides there. *See* 28 U.S.C. § 1391(b), (c)(2). When determining whether the convenience of the parties and witnesses favor a transfer, the Court weighs multiple factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). PSCU, as the moving party, bears the burden of demonstrating transfer is appropriate, and "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). PSCU has not made such a strong showing.

Gibbons has chosen Arizona as his forum, and he brings this putative collective action on behalf of an Arizona-based class. Although PSCU's wage policies likely were created at its headquarters in Florida, this action concerns application of those wage policies to employees in Arizona. PSCU has identified several Florida-based employees who might be relevant witnesses, but members of the putative class and their supervisors and coworkers (some of whom are also likely witnesses) are in Arizona. Both parties have significant contacts with Arizona, as the putative class works here, and PSCU employed them here. PSCU acknowledges that most documents relevant to this litigation are likely available in electronic format, rendering the physical location of documentary evidence

less of a concern. Likewise, because this action concerns a federal statute, familiarity with the governing law is less of a concern; this Court and the United States District Court for the Middle District of Florida are equally familiar with federal law.

At bottom, PSCU's motion is more about reducing litigation costs. PSCU argues that, if the Michigan Action is transferred to the Middle District of Florida while this action stays in Arizona, then the parties will be forced to expend resources litigating two substantially similar cases in two different forums. But this argument loses all force now that the district court overseeing the Michigan Action has denied PSCU's motion to transfer venue. PSCU does not ask the Court to transfer this action to the Eastern District of Michigan; it asks for a transfer to the Middle District of Florida. As a result, the parties will be litigating two substantially similar cases in two different forums regardless of whether the Court grants or denies PSCU's motion to transfer venue. Therefore,

**IT IS ORDERED** that PSCU's motion to transfer venue (Doc. 7) is **DENIED** and PSCU's motion for a stay pending a ruling on its motion to transfer venue is **DENIED** as moot.

Dated this 29th day of January, 2021.

Douglas L. Rayes
United States District Judge